**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Anthony David NOBLE, Defendant–Appellee.**

No. 06–30314.

United States Court of Appeals, Ninth Circuit.

Submission Deferred March 7, 2007.

Submitted April 10, 2008.*

Filed April 10, 2008.

Joseph H. Harrington, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Sam E. Haddon, United States District Judge for the District of Montana, sitting by designation.

Jeffry Keith Finer, Esq., Law Offices of Jeffry Finer, Spokane, WA, for Defendant–Appellee.

Before: O'SCANNLAIN and BERZON, Circuit Judges, and HADDON **, District Judge.

MEMORANDUM ***

The government appeals the sentence imposed on defendant Anthony David Noble for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The government argues that the district court committed a procedural error in failing properly to consider the advisory Guidelines range, *see* 18 U.S.C. § 3553(a), and that the sentence was not reasonable.

As it was required to do, the district court correctly calculated the advisory Guidelines range. *United States v. Booker,* 543 U.S. 220, 259–60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court considered that range and also considered the factors set forth in 18 U.S.C. § 3553(a), including Noble's "history and characteristics." The district court then imposed a sentence below the Guidelines range, explaining the reasons for its downward departure. Accordingly, we conclude that the district court did not commit procedural error. *Gall v. United States,* ——

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Finally, we have reviewed the record, including the sentencing transcript, and conclude that the district court's sentence was not substantively unreasonable in light of the facts and circumstances of this case. *Id.* (explaining that sentencing judges are "in a superior position to find facts and judge their import under § 3553(a)").

Accordingly, the sentence imposed by the district court is

**AFFIRMED.**